```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

MCCOMB SCHOOL DISTRICT                                    PLAINTIFF

v.                                 CIVIL ACTION NO. 5:21-cv-18-DCB-MTP

DENBURY RESOURCES, INC. *et al.*                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on a Second Motion to Dismiss/Stay [ECF No. 18] (the "Second Motion") that Defendant Denbury Onshore, LLC ("Denbury") filed on May 10, 2021.  The time for McComb School District (the "Plaintiff") to respond to the Second Motion has expired, and the Plaintiff has filed no response.  The Court has been informed that counsel to the Plaintiff sent electronic mail to Magistrate Judge Michael T. Parker on May 19, 2021, in which counsel states:  "I do not object to the stay which has been requested by opposing counsel in the above cases."  Plaintiff's counsel was referring to the instant case and to a related case that also is pending before this Court, Darville et al. v. Germany et al., 5:20-cv-00180-DCB-MTP (the "Darville Case"). Having considered the Second Motion and supporting memorandum, the Plaintiff's lack of objection to the

1

requested stay, and applicable statutory and case law, and being otherwise informed in the premises, the Court finds as follows:

## I. BACKGROUND

Denbury asserts that it is the current operator of a fieldwide unit known as the McComb Field Unit, McComb Field, Pike County, Mississippi ("the Unit"). [ECF No. 19 ¶ 1]. The Plaintiff alleges that, through its Board of Trustees, it executed and delivered an oil, gas and mineral lease on certain 16th section school lands located in the Unit, which lease was assigned to Denbury. [ECF No. 1-2] ("Complaint") ¶¶ 3-4. One of the Unit's unitized intervals, the "C" sand, was not included in the tract participation factors in a Mississippi State Oil and Gas Board (the "Board") Order issued in 1998. The Board's 1998 Order required the operator to recalculate all tract participation factors, if the operator achieved any production from the "C" sand in the future. Board Order No. 188-98 filed June 1, 1998 (the "1998 Order") [ECF No. 18-1].[1]

---

[1]The 1998 Order provides in pertinent part:

    The Board finds that based on prior geological evidence submitted to the Board production exists in the Lower Tuscaloosa Field Unit in three separate sands which are referred to as the "A," "B," and "C" sands. In the initial phase of the McComb Field Unit there was some production from the "C" sand. The present operator of the McComb Field Unit, E.B. Germany & Sons, Inc., plans to produce oil and gas only from the "A" and "B" sands of the Lower Tuscaloosa Sand Oil Pool, McComb Field, Pike County, Mississippi, and, therefore, tract factors for tract participation

The Plaintiff claims that Denbury began producing oil from the "C" sand in April 2006 and failed to reallocate the tract factors in violation of the 1998 Order.  Complaint ¶ 9.  On December 8, 2020, Denbury filed a petition with the Board to establish recalculated unit tract participation factors for the "C" sand oil pools.  See Petition of Denbury Onshore, LLC, Operator, to Establish Recalculated Unit Tract Participation Factors to Include Credit for the "C" Sand Oil Pools in the Unitized Formation of the McComb Field Unit, McComb Field, Pike County, Mississippi, Docket No. 3-2021-D [ECF No. 18-2] (the "Petition").

On January 11, 2021, the Plaintiff filed this lawsuit against Denbury and Denbury Resources, Inc. (collectively, "Defendants") in the Circuit Court of Pike County, Mississippi. [ECF No. 1-2].  Asserting diversity jurisdiction, Defendants removed the action to the United States District Court for the Southern District of Mississippi on February 8, 2021 (see Notice

---

in the 259 tracts within the McComb Field Unit are based upon "A" and "B" sands only with no credit given for the "C" sand.  In the event operator of the McComb Field Unit achieves any production from the "C" sand (Little Creek Sand) in the lower Tuscaloosa Sand Oil Pool, McComb Field, Pike County, Mississippi, in the future, operator of the McComb Field Unit will recalculate all unit tract participation factors to include credit for the "C" sand. No credit is given for the "C" sand at this time because there is no production planned at the present time from the "C" sand.

1998 Order ¶ 14 [ECF No. 18-1 at 10].

3

of Removal [ECF No. 1]).  Defendants then moved to reassign the case to the undersigned on grounds of judicial economies.  [ECF No. 4].  Defendants based their argument for reassignment on the fact that the Darville Case presents the same operative facts and legal considerations at issue here.  [ECF No. 4 ¶ 2].  The Plaintiff filed no written response to the motion to reassign, and the matter was transferred by court order to the undersigned district judge on March 16, 2021.  [ECF No. 10].

Denbury filed its first Motion to Dismiss/Stay in this case on February 15, 2021, in which Denbury asked the Court to "dismiss or stay this matter until the Plaintiff exhausts their administrative remedies and the Board establishes the recalculated tract factors for the Unit."  [ECF No. 8 ¶ 9].  Before the Court ruled on Denbury's first request to dismiss/stay, Denbury's counsel informed the Court in a letter that the Board had issued its Order No. 127-2021 (the "March 2021 Order").  Counsel stated in his letter:  "This Order concludes the administrative exhaustion by the Mississippi State Oil and Gas Board."  Letter from William F. Blair, Esq. to Judge David C. Bramlette III and Magistrate Judge Michael T. Parker of 4/7/2021.  In reliance on counsel's statement to the Court regarding exhaustion of administrative remedies at the Board, the Court denied Denbury's first motion to dismiss/stay as moot.  [ECF No. 11].

4

Subsequently, the Plaintiff in this case appealed the Board's March 2021 Order to the Chancery Court of Pike County, Mississippi, Cause No. 21-cv-281-WS.  [ECF No. 18-12].  Now that the March 2021 Order has been challenged on appeal, Denbury argues in its Second Motion that the Board's March 2021 Order is not final and that this case should be stayed until all administrative proceedings are exhausted on appeal.  [ECF No. 19 at 2, 9].

## II.  DISCUSSION

This Court already analyzed the merits of a stay in the Darville Case and found grounds under the doctrine of administrative exhaustion for granting Denbury's request for a stay.  See Darville v. Germany, No. 5:20-CV-180-DCB-MTP, 2021 WL 785102, at *2-*3 (S.D. Miss. Mar. 1, 2021).  In Darville, like here, the plaintiffs claimed to be owners of royalty and mineral interests in the Unit and further claimed that Denbury produced oil from the "C" sand without reallocating the tract factors in violation of the 1998 Order.  Id. at *1.  Relying on the doctrine of exhaustion of administrative remedies, Denbury argued that the case should be stayed pending the Board's ruling on the Petition, and the Court agreed.  Id. at *2 ("Given that the Board has expertise in this specialized area and regulatory authority to perform such a recalculation, the Court sees no reason, legal or

otherwise, to proceed with the adjudication of this matter prior to the Board's determination.").

The Court's legal analysis in the Darville Case is applicable to the instant case.  Before a plaintiff sues for activity subject to administrative agency review, the plaintiff must seek relief from the agency charged with regulating the activity.  Id.; Miller v. Miss. Res., LLC, 5:17-cv-41-DCB-MTP, 2018 WL 934827, at *2 (S.D. Miss. Feb. 16, 2018) (relying on State v. Beebe, 687 So. 2d 702, 704 (Miss. 1996)).  However, the Court's analysis does not end there because the Plaintiff has elected to appeal the Board's March 2021 Order to the Chancery Court of Pike County, Mississippi.  [ECF No. 18-12].  The issue now becomes whether the case should be stayed while the administrative review process continues on appeal.  The Court notes that appeals to the Mississippi chancery courts from Board orders such as the March 2021 Order are provided for, and governed by, the Mississippi statutes that regulate the Board in general, Miss. Code Ann. §§ 53-1-1 to -47, and those that regulate the unitization of oil and gas fields and pools. Miss. Code Ann. §§ 53-3-101 to -119.  See

Miss. Code Ann. § 53-1-39[2] and § 53-3-119[3]; see also Adams v. Miss. State Oil & Gas Bd., 854 So. 2d 7, 9 (Miss. Ct. App. 2003)("The applicable statute governing judicial review of certain actions of the Oil and Gas Board permits an appeal 'to the chancery court of the county in which all or a part of appellant's property affected by such rule ... is situated ....' Miss. Code

---

[2] Section 53-1-39 provides in pertinent part:

(a) In addition to other remedies now available, the state, or any interested person aggrieved by any final rule, regulation or order of the board, shall have the right, regardless of the amount involved, of appeal to the Chancery Court of the First Judicial District of Hinds County, Mississippi, or to the chancery court of the county in which all or a part of appellant's property affected by such rule, regulation or order is situated, which shall be taken and perfected as hereinafter provided, within thirty (30) days from the date that such final rule, regulation or order is filed for record in the office of the board; and the said chancery court may affirm such rule, regulation or order, or reverse same for further proceedings as justice may require.

Miss. Code. Ann. § 53-1-39 (West).

[3] Section 53-3-119 provides in pertinent part:

Any interested person adversely affected by any provision of Sections 53-3-101 through 53-3-119 or by any rule, regulation or order made by the state oil and gas board thereunder, or by any act done or threatened thereunder, may obtain court review and seek relief by appeal, which appeal shall be to the chancery court of the county wherein the land involved, or any part thereof, is situated. The term "interested person" as used herein shall be interpreted broadly and liberally and shall include all mineral and royalty owners. Any interested party may appeal to the chancery court of the county wherein the land involved or any part thereof is situated, if appeal be demanded within thirty (30) days from the date that such rule, regulation or order of the board is filed for record in the office of the board.

Miss. Code. Ann. § 53-3-119 (West).

Ann. § 53-1-39(a)(Rev.1999).").  Given that no party has asserted an objection to staying this federal lawsuit pending the appeal of the Board's March 2021 Order to the Chancery Court of Pike County, Mississippi, the Court concludes that this case should be stayed until the administrative appeal is final and nonappealable in accordance with the governing state statutes.  To assist the Court in the efficient administration of this case, and to avoid confusion in the future, the Court requests that the parties file a joint notice in this matter, once the administrative proceedings are final.

    Accordingly,

    IT IS HEREBY ORDERED that Defendant Denbury Onshore, LLC's Second Motion to Dismiss/Stay [ECF No. 18] is GRANTED IN PART as to its request for a stay and DENIED IN PART as to its request to dismiss this action;

    IT IS FURTHER ORDERED that this action is STAYED in its entirety, including all pending motions, until Order No. 127-2021 of the State Oil and Gas Board of Mississippi shall become final and nonappealable; and

IT IS FURTHER ORDERED that the parties shall jointly notice in this matter through the Court's CM/ECF system when Order No. 127-2021 of the State Oil and Gas Board of Mississippi becomes final and nonappealable.

SO ORDERED, this the 9th day of June 2021.

                                            /s/  David Bramlette
                                         UNITED STATES DISTRICT JUDGE